IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TIMOTHY WAYNE PHILLIPS,

    Petitioner,

vs.                         CIVIL ACTION NO. CV205-004

JOSE M. VASQUEZ,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Timothy Wayne Phillips, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. In his petition, Phillips asserts that the Bureau of Prisons ("BOP") has incorrectly calculated his good conduct time. Specifically, Phillips contends that the BOP's interpretation of the "good conduct time statute", 18 U.S.C.A. § 3624(b)(1), has deprived him of good conduct time that he is entitled to receive. Phillips contends that the plain language of § 3624(b)(1) requires that he receive 54 days of good conduct time for every year of imprisonment to which he was sentenced. The BOP has interpreted § 3624(b)(1) to mean that "54 days of [good conduct time] may be earned for each full year [actually] served on a sentence [.]" Program Statement No. 5880.28.

    This statute, in pertinent part, states:

> [A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term[.]

18 U.S.C.A. § 3624(b)(1). In a case of first impression in this circuit, the Eleventh Circuit Court of Appeals held that the plain text of § 3624(b)(1) is ambiguous, but the BOP's interpretation of this statute is reasonable and "due to be affirmed[.]" Brown v. McFadden, 2005 WL

1618739, *2 (11th Cir. 2005, July 12, 2005). The Eleventh Circuit also held that the rule of lenity is not applicable because of the BOP's reasonable interpretation of § 3624(b)(1). Id. Thus, Brown's petition, in which he sought credit for additional days of good conduct time, was appropriately denied.

Based on the Eleventh Circuit Court of Appeals' holding in Brown, Timothy Wayne Phillips' petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 12th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

PHILLIPS )

vs ) CASE NUMBER CV205-4

VASQUEZ )
) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 9/12/05 , which is part of the official record of this case.

Date of Mailing: 9/12/05

Date of Certificate  ☒ same date,   or _____

Scott L. Poff, Clerk

By: /s/ A Taylor

Sherry Taylor, Deputy Clerk

**Name and Address**

Amy Lee Copeland
Timothy Phillips, 28528-018, FCI Jesup, 2680 Highway 301 South, Jesup, GA 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate